### BETTER *v.* PRUDENTIAL INS. CO.

*(Common Pleas of New York City and County, General Term.* July 10, 1890.)

1. ACTION—RIGHT TO SUE—NOTICE.
   Under the terms of plaintiff's employment by defendant, it was expressly stipulated that plaintiff should commence no action until 10 days after service on defendant's president or secretary of the particulars of plaintiff's claim. Such notice was not given until after the commencement of the action. *Held*, that plaintiff, not having been induced through fraud to enter into the agreement, could not be relieved from the condition.

2. LIMITATION OF ACTION—SPECIAL CONTRACT.
   Under Code Civil Proc. N. Y. § 414, providing that "the provisions of this chapter apply and constitute the only rules of limitation applicable to a civil action or special proceeding, except in one of the following cases: (1) A case where a different limitation is specially prescribed by law, or a shorter limitation is prescribed by the written contract of the parties,"—a provision in a contract that no suit should be brought by plaintiff against defendant more than six months after plaintiff should leave defendant's employ, is valid.

Appeal from fourth district court.

Action by Max Better against the Prudential Insurance Company. From a judgment for plaintiff defendant appeals. Code Civil Proc. N. Y. § 414,

provides that "the provisions of this chapter apply, and constitute the only rules of limitation applicable to a civil action or special proceeding, except in one of the following cases: (1) A case where a different limitation is specially prescribed by law, or a shorter limitation is prescribed by the written contract of the parties."

*H. C. Kudlich,* for appellant. *M. Strassman, (John Fenrel,* of counsel,) for respondent.

BOOKSTAVER, J.  This action was brought to recover "money deposited as security" for plaintiff's faithful performance of his duty as a collector for the defendant.  Various grounds for the appeal were argued, but it is necessary to notice two of them only.  By the terms of the agreement between the parties, it was expressly stipulated that the plaintiff should commence no action either at law or in equity until 10 days after service on the president or secretary of the defendant of a written statement of the particulars and amount of the plaintiff's claim against the defendant.  There is no claim that this agreement was entered into through any fraud on the part of the defendant. It was reasonable in itself, and if plaintiff did not understand it when he entered into it, it was his own fault, and this court cannot relieve him in that respect.  No such notice was given, as appears from the return, until after the commencement of the action.

In the written agreement, it was also expressly stipulated that no suit should be brought against the defendant by reason of any matters arising thereunder after six months after the time of the plaintiff leaving defendant's employ.  It is clear from the evidence that this action was not commenced within that time.  Plaintiff's counsel claims that such a limitation is not valid in view of the general statutes in relation to the limitation of actions, but we cannot agree with him.  By section 414 of the Civil Code, it is expressly provided that a shorter time may be agreed upon by a contract in writing.  And in *Wilkinson* v. *Insurance Co.,* 72 N. Y. 501–506, and cases there cited, it was held that "it was well settled that the parties to a contract may provide for a shorter limitation to actions thereon than that fixed by the general statute of limitations, and is consistent with the policy upon which the statute is founded."  We therefore think the judgment should be reversed, with costs to the appellant.