(117 App. Div. 838)

HAGGBLAD v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.   March 8, 1907.)

1. MASTER AND SERVANT—ACTIONS FOR INJURIES—EVIDENCE OF NEGLIGENCE—RES IPSA LOQUITOR.
     Under Labor Law, Laws 1897, p. 467, c. 415, § 18, providing that, any person who employs another to perform labor in the erection of a building or structure shall furnish safe hoists, stays, or other mechanical devices, the fall of a hoist while being properly used for the purpose for which it was set up is of itself evidence that it was unsafe, under the doctrine of res ipsa loquitor.
     [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 881, 898.]

2. SAME.
     Labor Law, Laws 1897, p. 467, c. 415, § 18, making the employer liable for unsafe scaffolds, hoists, stays, ladders, or other mechanical contrivances, even though they be negligently put up by fellow workmen of the

plaintiff as part of their work, does not give a new cause of action, but only makes evidence competent to show an employer's negligence which before was not competent.

Appeal from Trial Term, Kings County.

Action by Catherina Haggblad, as administratrix, etc., of John Haggblad, deceased, for damages for negligence. From a judgment for defendant, plaintiff appeals. Reversed, and a new trial granted.

The defendant was building a passenger platform on one of the stations of its elevated railroad. Long ties were being placed across the railroad track on the longitudinal girders of the railroad structure, on which the ordinary railroad ties rest at each end, so that they should extend out four feet from the longitudinal girder on the outer side of the track, and along such projecting ends of the ties a flooring was to be laid for a platform. There are heavy timbers called guard rails laid along each side of the track over the ties, to keep the car wheels from running off the track. In order to set these long ties they had to be swung by a block and fall along the outside of the railroad structure, and then thrust in and across the track between the longitudinal girders and such guard rails, leaving the ends sticking out four feet, as already stated. To do this a framework structure called a hoist was used to serve the office of a derrick. i. e., the block and fall was suspended from it. This hoist rested on such extended ends of the ties and was fastened and braced thereto to hold it upright and in position. It was regularly shifted forward and fastened anew as the work progressed. It broke from its fastenings and fell over into the street from the suspended weight of a tie, and killed the plaintiff's decedent who was one of the defendant's workmen doing the work. He helped to fasten the hoist in position, i. e., drove some of the nails. It was claimed by the plaintiff that the system or method of fastening and bracing the derrick was not a safe, sufficient or scientific one. The plaintiff was nonsuited at the close of her case on the ground that the defendant was not guilty of negligence and that the negligence of the deceased and his fellow workmen, who included a foreman in charge, caused the accident.

Argued before WOODWARD, JENKS, RICH, and GAYNOR, JJ.

Frederick S. Martyn, for appellant.

I. R. Oeland, for respondent.

GAYNOR, J. Section 18 of the labor law (Laws 1897, p. 467, c. 415) provides that the employers of persons to labor "shall not furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, or other mechanical contrivances which are unsafe, unsuitable or improper, and which are not so constructed, placed and operated as to give proper protection to the life and limb of a person so employed or engaged." It was therefore a question of fact for the jury whether the defendant's method or system of placing and securing the hoist was a safe one. The plaintiff did not devise such method; he only helped in carrying it out. It was for the employer to adopt a safe method or system, and that duty could not be evaded by delegation. Not only is the said statute in the way of such delegation, but that was the rule before the statute was passed. And the fall of the hoist while being properly used for the purpose for which it was set up was of itself evidence that it was unsafe, and brought the case within the maxim that the thing speaks for itself. Stewart v. Ferguson, 164 N. Y. 553, 58 N. E. 662.

The objection that the statute cited in the foregoing was not available

for not being pleaded in the complaint is founded on a mistaken notion. It did not need to be pleaded; it would not be scientific to plead it. The cause of action is not on a statute. All that the statute does is to make the employer liable for unsafe scaffolds, hoists, etc., even though they be negligently put up by fellow workmen of the plaintiff as part of their work, whereas before the statute he was not; in other words, it makes evidence competent to show his negligence which was not competent before.

The judgment should be reversed and a new trial granted.

Judgment reversed and new trial granted, costs to abide the event. All concur.