LANE v. NEW YORK CONTRACTING CO.—PENNSYLVANIA TERMINAL.

(Supreme Court, Appellate Division, First Department. May 8, 1908.)

1. MASTER AND SERVANT—INJURY TO SERVANT—ACTION—BURDEN OF PROOF.

In an action for negligent death of an employé, plaintiff to make out his case, must show the particular negligence which caused the accident, and, unless the evidence makes out a prima facie case of negligence, a verdict for plaintiff cannot be sustained.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 913–932.]

2. SAME—RES IPSA LOQUITUR—APPLICABILITY OF DOCTRINE.

The doctrine of res ipsa loquitur as between employer and employé can rarely be invoked.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 881, 898.]

3. SAME—FELLOW SERVANTS—WHO ARE.

Employés loading cars in a work train are fellow servants of the engineer engaged in pulling the train.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 500–505.]

4. NEGLIGENCE—INJURIES—EVIDENCE.

In an action for personal injuries negligently inflicted, plaintiff must show what caused the accident, that it was due to the negligence of defendant, and that plaintiff's own negligence did not contribute to the injury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, §§ 217–234.]

5. MASTER AND SERVANT—INJURY TO SERVANT—NEGLIGENCE—EVIDENCE.

A train of work cars remaining in position for two hours while in process of loading suddenly broke away, and ran down an incline, and caused a collision with another work train, resulting in the death of the engineer of the latter train. The cause of the cars running away was not shown, and the negligence might have been of employés in attending to the details of the work, or of the employer in not providing safe appliances. Held, in an action for the death of the engineer, that the evidence was insufficient to authorize a recovery.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 954–977.]

Houghton and Scott, JJ., dissenting.

Appeal from Trial Term.

Action by Julia Lane, administratrix of Ambrose E. Lane, deceased, against the New York Contracting Company—Pennsylvania Terminal. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

James A. Deering (John C. Toole, of counsel), for appellant.
Charles Steckler (Levin L. Brown, on the brief), for respondent.

CLARKE, J. Plaintiff's intestate was an engineer employed by defendant in the Pennsylvania Terminal excavation in the city of New York to run one of its work trains, and while actually at work in that capacity, was killed by a collision of his train with another train of similar character. The action is at common law. There are two lines

of narrow-gauge temporary railroad tracks running east and west for construction purposes. These tracks were connected by cross-overs, and upon the north side there were spurs or sidings upon which the cars stood while being loaded by steam shovels and derricks. The cars were the ordinary dump cars without brakes. About 7 o'clock in the evening there had been put upon one of these spurs, about Ninth avenue and Thirty-First street, which had a grade down to what may be called the main tracks, five cars for the purpose of being loaded, and they were in the process of being loaded by a derrick which lifted the stones and lowered them into the cars. The derrick was called a "double drum hoister." The accident occurred about 9 :15 p. m., after these cars had so stood in the process of being loaded from 7 o'clock. The decedent was on his engine which had attached to it seven or eight cars. He had taken this train on the west-bound track to the river, and he had come back, after dumping, with this empty train on the east-bound track. He crossed over to the west-bound track between Eighth and Ninth avenues to go onto the spur again. He was pushing his cars on the west-bound track, to go to a steam shovel and load rock over on this spur. His engine was then in back of the cars. The cars were ahead of him. When he was going in there, the cars got away on the hill, and followed him down the hill, and then he struck another loaded train between Seventh and Eighth avenues. His train was empty and the loaded train piled the cars on top of the engine and threw it off the track. The cars off the hill were loaded with rock. "These loaded cars ran into the empty cars and his engine struck another engine which had a loaded train behind her at the foot of the incline or below the incline. It pinned him up so he could not go any further, and the cars piled on top of the engine and broke the cab, and the pieces got him under." There is no evidence as to what started these runaway cars, nor is there any evidence as to how they were secured on the spur where they were being loaded. It does appear that they had no brakes. The action is under the common law, and the sole question submitted to the jury was whether reasonably safe appliances and machinery were furnished by the defendant.

I am inclined to think that the plaintiff has failed to sustain the burden of proof. What we have is a train of cars being loaded which had remained in position for two hours while in process of loading, which suddenly broke away and ran down the incline and caused the accident. While it may be said that cars without motive power do not ordinarily run away, and therefore the fact that they did is some evidence of negligence, the difficulty is that that negligence may have been as well the negligence of co-employés in attending to the details of the work as the negligence of the defendant is not providing safe appliances. It would seem that the jury and this court are called upon to speculate as to the cause of the accident. The burden is upon the plaintiff to make out his case to show that particular negligence which caused the cars to run away, and, unless it can be said that under the circumstances the very act of running away made out a prima facie case of negligence of the defendant which called upon it to furnish proof of due care, why, then, the verdict cannot be sustained. The doctrine of res ipsa loquitur as between employer and employed can rarely be in-

voked. Here we have a train standing for two hours, and it sudden-
ly runs away. What caused it no one proves. The workmen who were
loading the cars were undoubtedly the fellow workmen of the engineer
engaged in pulling the cars. They were all engaged in the employ-
ment of the common master, engaged in the common work. It is ele-
mentary that a plaintiff must show what caused the accident, that it
was due to the negligence of the defendant, and that his own negli-
gence did not contribute thereto. He has shown the running away of
the cars, but he has not shown the cause of that running away, the
proximate cause of the accident.

The court declined to charge, at the request of the defendant:

"That, if the jury believe that the car was started through some cause un-
known to them, that they must find for the defendant."

And also:

"That unless the jury is able to determine from the evidence that the start-
ing of the cars was not caused by the negligence of a fellow servant, that the
plaintiff cannot recover."

And also:

"That, before the defendant can be held liable, they must find from the evi-
dence that the cars were not secured in a reasonably safe manner."

It seems to me that where no evidence had been adduced as to how
the cars were secured, taken in connection with the fact of the length
of time they had stood in the process of loading, and with no evidence
of the cause of their starting, when the court declined these requests,
when it is obvious that the accident might have been occasioned by
the negligence of a co-employé, the jury were called upon to guess
why and how the accident occurred. Upon careful examination of
the record, this court must guess and cannot find how the accident oc-
curred. In my opinion the plaintiff has not sustained the burden of
proof put upon her by the law. Upon this record she has failed to
make out her case in the essentials required by the law.

It follows, therefore, that the judgment and order appealed from
should be reversed, and a new trial ordered, with costs to the appellant
to abide the event.

INGRAHAM and LAUGHLIN, JJ., concur. HOUGHTON and
SCOTT, JJ., dissent.

---

(125 App. Div. 746.)

### In re DOIG et al.

(Supreme Court, Appellate Division, First Department. May 8, 1908.)

1. COURTS—NEW YORK SURROGATE'S COURT—JURISDICTION—BAR OF CLAIM—
LIMITATIONS.

   2. SAME—POWER TO OPEN DECREES.

   