not follow, we conclude that, the tenant having presented ample reasons for an adjournment and the landlord having abundant security in her hands for the payment of the February rent, it was error to impose the conditions made on opening the default. The tenant was entitled to his day in court.

Final order, and order denying motion to open default, reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

### SCHMITT v. ROHN.

(Supreme Court, Appellate Division, Second Department. June 5, 1908.)

MASTER AND SERVANT—PERSONAL INJURIES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.

> In an action for injuries to an employé through the falling of a scaffold which he was directed by defendant to use in painting, and on which he had objected to working until assured by defendant that it was safe. the questions of whether defendant had provided a reasonably safe contrivance so placed and operated as to protect plaintiff as required by Laws 1897, p. 467, c. 415, §§ 18, 19, and whether plaintiff assumed the risk and was guilty of contributory negligence, *held*, under the evidence, for the jury.

Appeal from Trial Term, Kings County.

Action by Joseph Schmitt under the labor law for personal injuries against Fred Rohn. From a judgment dismissing his complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Robert Stewart (Ralph G. Barclay, on the brief), for appellant.
Martin E. Halpin, for respondent.

RICH, J. The plaintiff at the time of the accident was employed by defendant as a painter. It appears from his testimony upon the trial that on the morning of the accident defendant set up a new patent ladder, and directed that plaintiff work upon it. The ladder is described as being a scaffold or support, made of two straight ladders placed perpendicularly, and between them a horizontal ladder made in three parts, each about six feet long, fastened together and fastened to the perpendicular ladders with thumb screws.

This contrivance was new to plaintiff, and he objected to working upon it until informed by defendant that it would hold 15 men, and he should be afraid of nothing at all. Plaintiff worked upon the scaffold a short time, when for some reason entirely unexplained, the cause being unknown to him, it fell over precipitating plaintiff to the street below, inflicting injuries of a more or less serious nature. It is argued by counsel for defendant that its fall was due to plaintiff's negligence. It is claimed that he was standing near the end of the ladder "and made a stretch to do some painting and upset the ladder"; but the testimony will not bear this interpretation. He says he had made a stretch from the end and went to the middle of the scaffold when the thing fell; the only inference being that he had painted a strip across

from the end, and he says: "I was in the middle when the ladder went away." The learned justice who presided at the trial, speaking of the cause, said:

"There is not any pretense that it fell to pieces, but it tipped over. The insecurity, if any, was in the way it was set upon the ground."

Assuming the conclusion of the learned trial justice to be correct, may not a jury have been warranted in finding that the tipping was due to the failure of defendant to properly place the ladder in position? I think such an inference might have been drawn. It was the duty of defendant to provide a reasonably safe and proper contrivance so placed and operated as to give protection to plaintiff (sections 18, 19, c. 415, p. 467, Laws 1897), and it was for the jury to say whether the defendant performed his duty in this respect. Haggblad v. Brooklyn Heights R. R. Co., 117 App. Div. 838, 102 N. Y. Supp. 1039. It cannot be said as matter of law that plaintiff assumed the risk (Guilmartin v. Solvay Process Co., 189 N. Y. 490–495, 82 N. E. 725), and the question as to plaintiff's contributory negligence was one of fact for the jury.

It follows, therefore, that the judgment must be reversed and a new trial granted, costs to abide the event. All concur.