caved in also. The plaintiff's intestate was on Rockland street, and was carried into the excavation with the slide, and killed.

The briefs of all the parties concur in saying that the object of the court in dismissing the complaint at the close of the plaintiff's case was to get an expression of the views of this court as a guide in this case and in a large number like it which are awaiting trial. The record does not disclose on what theory the dismissal was granted, nor do the briefs of the several respondents state any ground on which to base it. It is not made apparent why it was granted. It is not disputed that the rule of lateral support binds the owner of land along a highway, and that if he wrongfully excavate so close as to cause the highway to cave in he is liable for any damage caused thereby. Village of Haverstraw v. Eckerson, 124 App. Div. 18, 108 N Y. Supp. 506. Whether the excavation was so close as to endanger the safety of the highway, and therefore be a nuisance, was a question of fact; and on this head the closeness of the crest to the street, the perpendicular depth of the excavation, the length of the slope, the base of the section, the nature of the earth, and the like, were all to be considered by the jury on the question whether the excavation could reasonably be deemed a nuisance.

In justice to the learned trial judge, it may well be said that the testimony for the plaintiff could easily have been freed of much useless and confusing matter, and presented with forceful brevity and systematically. The owners or tenants of the next two plots of land to the north were also made defendants for no apparent reason, which added to the confusion; nor was any case made against the director and superintendent of the said defendant the Excelsior Brick Company.

The judgment should be reversed as to the defendant the Excelsior Brick Company, and affirmed as to all of the other defendants.

Judgment reversed as to the defendant the Excelsior Brick Company, and new trial granted, costs to abide the event, and affirmed as to the other defendants, with costs.

---

FEINGOLD v. OCEAN S. S. CO. OF SAVANNAH, GA.

(Supreme Court, Appellate Term. January 7, 1909.)

1. NEGLIGENCE (§ 121*)—EVIDENCE—RES IPSA LOQUITUR.

The mere happening of an accident is not always sufficient to charge one with negligence under the doctrine of res ipsa loquitur, and the presumption does not arise unless the surrounding circumstances, necessarily brought into view by showing how the accident occurred, contain, without further proof, evidence of defendant's duty and of his neglect to perform it.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 218; Dec. Dig. § 121.*]

2. MASTER AND SERVANT (§ 265*)—INJURY TO SERVANT—NEGLIGENCE—RES IPSA LOQUITUR.

The doctrine of res ipsa loquitur cannot be invoked between employer and employé, unless there appears from the circumstances attending the

---

accident that, except for some negligence of the master either of omission or commission, the accident would not have happened.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 881; Dec. Dig. § 265.*]

3. MASTER AND SERVANT (§ 278*)—INJURY TO SERVANT—NEGLIGENCE—EVIDENCE.

In an action for injuries to an employé while aiding in removing lumber from a ship by the breaking of a rope holding the lumber while being raised, thereby causing the same to fall on him, evidence *held* not to establish actionable negligence because of the failure of the master to furnish a safe rope.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 958; Dec. Dig. § 278.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Jacob Feingold against the Ocean Steamship Company of Savannah, Ga. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Frank V. Johnson (Harry S. Austin, of counsel), for appellant.
Fried & Fried (Herman S. Fried, of counsel), for respondent.

HENDRICK, J. This action was brought to recover damages for injuries sustained by the plaintiff by reason of the alleged negligence of the defendant. The defendant offered no evidence. The plaintiff was corroborated in his version of the accident by one witness. The evidence given is not very clear, but seems to be substantially as follows: The plaintiff, with other employés of the defendant, was engaged in removing lumber from a ship with a hand truck.

On the day the accident happened, a person designated by the plaintiff as the "foreman" directed him to take the truck inside the ship, and put it near the lumber. On the main deck of the ship was a stationary engine and a wire to which was attached a rope which was lowered into the hold. The rope passed around the lumber, which was then raised by means of the engine, and placed upon the trucks and removed from the ship. The plaintiff testifies that, as soon as he had taken his truck into the ship, a piece of lumber fell and struck him. He was asked: "Was it from up above you?" and he answered: "It fell on my head." The other witness testified to the effect that the foreman told the plaintiff to put his truck under the lumber, and that, as he was doing so, the "rope broke, and he got hurt." It further appeared that "the wire is let down by steam and they tie the wood with the rope." The plaintiff testified over objection, when asked, "What kind of a rope was it, a new or an old rope?" that it was "an old rope." The other witness said he had seen the rope used "about a day or two," and that it looked like an old rope. It was also testified that the rope was "an ordinary rope." The action is brought under the employer's liability act (Laws 1902, p. 1748, c. 600), and the sufficiency of the notice given to the defendant is challenged. I am of the opinion that the notice is a sufficient compliance with the requirements of that statute, and that in such respect the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant cannot complain. I am of the opinion, however, that the plaintiff failed to prove any negligence on the part of the defendant. Unless the doctrine of res ipsa loquitur, which is invoked by the plaintiff herein, is applicable, the plaintiff failed to sustain his cause of action. It must be borne in mind that the mere happening of an accident is not always sufficient to charge a defendant with negligence. Hahn v. Conreid Metropolitan Opera Co., 126 App. Div. 815, 111 N. Y. Supp. 161, 162. As was said in Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630:

"It is not that in any case negligence can be assumed from the mere fact of an accident, but in those cases the surrounding circumstances, which are necessarily brought into view, by showing how the accident occurred, contain, without further proof, sufficient evidence of the defendant's duty and of his neglect to perform it."

Neither does the doctrine apply simply because the accident is unusual or unexplained. Dittman v. Edison El. Ill. Co., 125 App. Div. 691, 110 N. Y. Supp. 87. There must be something more shown than evidence from which a mere guess may be made that there was negligence. There must appear that from the surrounding circumstances attending the accident that except for some negligence on the part of the master either of omission or commission the accident would not have happened. "The proof of the occurrence and the surrounding circumstances, the 'res' makes a prima facie case." Moglia v. Nassau El. Ry. Co., 127 App. Div. 243, 111 N. Y. Supp. 70. This doctrine can rarely be invoked between employer and employé. Lane v. N. Y. Contracting Co., 125 App. Div. 808, 110 N. Y. Supp. 91. Applying these principles to the testimony in the case at bar, we fail to find anything tending to show lack of care on the part of the defendant in furnishing safe, sound, and suitable appliances for the work to be done, and in such failure only can negligence be imputed to him.

It is urged that the breaking of the rope alone is sufficient proof of its inability to perform its work, and therefore constitutes negligence on the part of the defendant. For all that appears in the evidence the rope in question may have been amply sufficient to sustain any reasonable burden that a person of ordinary prudence would place upon it, or that was intended to be placed upon it, and its breaking at the time it did might have been caused by an unusual and extraordinary load placed there by a fellow servant of the plaintiff, and for whose acts the master could in no way be made responsible. It nowhere appears as to what amount of strain the rope was expected to be subjected to in the use to which it was being put, nor does it even appear what size it was, whether one inch in diameter or larger. There is no evidence that the load bearing upon the rope when it broke was placed there by the direction of the foreman, or that he had the slightest knowledge of its weight. The plaintiff was asked, "How long and how thick was the lumber?" meaning the lumber which was tied by the rope that broke. As to its thickness, he indicated in the courtroom about 3 feet, and as to its length a like indication of about 30 feet. As to whether or not this amount was the ordinary load for an "ordinary" rope or whether or not it was of such

a weight as to practically insure the breaking of an "ordinary" rope, and who was responsible for its being placed within the rope, does not appear. In the case of Haggblad v. Brooklyn Heights Railroad Co., 117 App. Div. 838, 102 N. Y. Supp. 1039, the method or system of placing and securing the hoist was attacked, and the court there held that:

"The fall of the hoist while being properly used for the purpose for which it was set up was of itself evidence that it was unsafe, and brought the case within the rule."

In the case at bar, however, there is not the slightest evidence that the rope was being "properly" used, or that it was unsafe if so used, and, if insufficient in size or if improperly used, by whose authority or by whose direction it was so used. That the rope was "old" is of no materiality unless accompanied by proof of its unfitness for the purpose for which it was intended to be used, and the fact that it broke while being used, unaccompanied by proof of any other circumstance showing negligence on the part of the defendant, is insufficient to sustain the plaintiff's cause of action.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.