(160 App. Div. 11)

### DUGAN v. AMERICAN TRANSFER CO.

(Supreme Court, Appellate Division, Second Department.   December 31, 1913.)

1. EVIDENCE (§ 471*)—CONCLUSION OF WITNESS.

    Where a servant was injured by the breaking of a rope attached to a truck, his statement that the rope was "rotten" was but a conclusion and inadmissible.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

2. MASTER AND SERVANT (§ 265*)—INJURIES TO SERVANT—DEFECTIVE APPLIANCES—BREAKING OF ROPE—RES IPSA LOQUITUR.

    The fact that a rope, by the breaking of which plaintiff was injured, was discolored from exposure to the weather, and that it broke, was not of itself evidence of decay or other defect, under the doctrine res ipsa loquitur.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig. § 265.*]

3. MASTER AND SERVANT (§ 125*)—INJURIES TO SERVANT—DEFECTIVE APPLIANCES—ADMISSIONS.

    Where plaintiff, desiring a new rope to replace one which he thought defective, and by the breaking of which he was subsequently injured, went to defendant's office and made a request for a new one of defendant's secretary, who told another to get it for plaintiff, but, no suitable rope being available, plaintiff without any further conversation with the secretary returned to his truck and used the old one, the secretary's assent to plaintiff's request did not amount to an admission that the old rope was defective.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 243–251; Dec. Dig. § 125.*]

4. DISCOVERY (§ 88*)—ARTICLES OF PROPERTY—EXTENT OF WAIVER.

    Where plaintiff was injured by the breaking of a rope attached to a truck and claimed that the rope was defective, he was entitled to obtain discovery thereof so as to prove its actual condition at the trial, under Code Civ. Proc. § 803, providing for discovery of any article of property.

    [Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 113, 114; Dec. Dig. § 88.*]

Appeal from Trial Term, Richmond County.

Action by Robert F. Dugan against the American Transfer Company. From a judgment of nonsuit dismissing plaintiff's complaint at the close of his evidence, he appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

J. Edward Murphy, of New York City, for appellant.

E. Clyde Sherwood, of New York City (Robert B. Cumming, of New York City, on the brief), for respondent.

PUTNAM, J.  Plaintiff, one of defendant's truck drivers, had loaded some wooden cases upon his truck, near the Bush Terminal warehouses. They were piled two tiers high, so that the back of the load had to be secured by two ropes leading from the side stanchions across the projecting ends at the tail of the truck. Plaintiff was on the left-hind wheel, standing astride the rim, with his feet on the hub.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

As he was drawing tight the upper rope (about half an inch in diameter) which came against two corners of the cases, it parted, and plaintiff fell and was injured. He had driven this truck the day before, when he had left it loaded near defendant's office in Manhattan. On the morning of this accident, as he unloosened the ropes to unload, he noticed that this smaller rope looked dark and weather beaten. He then went to defendant's office and asked for a new rope from Mr. Schwab, defendant's secretary, who told a man named Latta to get it. Latta and plaintiff went to the supply room near the office, where such rope was usually kept, but found none. Latta said there was no rope there, whereupon plaintiff returned to his truck and drove it to Brooklyn, taking along the same ropes. It was while tautening up this discolored rope that it broke and let plaintiff fall.

No other evidence was given of the cause of the rope's breaking. The witness Smith, who came to plaintiff's aid, saw the broken rope but did not examine it. No witness was called who had seen the break or inspected the parted fibers. The court held that the doctrine of res ipsa loquitur did not apply, and that, in the absence of evidence of some defect, plaintiff had not made out a cause of action. He, however, let plaintiff be recalled, but the witness merely repeated that the rope was dark in color, and added that when he took the rope off from the load that morning, before the accident, it was "not in very good condition. The rope was rotten." The statement that the rope was rotten was stricken out. No further evidence being offered, the complaint was dismissed. Judgment of nonsuit followed.

The appellant insists that the rope was defective and urges that the defect was proved by direct evidence; that admissions proved it; and that the accident came under the doctrine of res ipsa loquitur.

[1] When the case had been reopened and the plaintiff recalled to give, if he could, any further facts about the rope, his statement that it was "rotten" was but an opinion or conclusion. His counsel had not elicited any further particulars as to the rope's appearance. As he gave no additional facts, this opinion must be regarded as based on the rope's dark color, with the fact of its breaking.

[2] But ropes in such use, exposed to weather, soon lose their color. The fact of breaking is not of itself evidence of decay or other defect. Sweeney v. Rozell, 31 Misc. Rep. 640, 642, 64 N. Y. Supp. 721. In any view, this conclusion was not competent and was rightly struck out. Ferguson v. Hubbell, 97 N. Y. 507, 513, 514, 49 Am. Rep. 544; Welle v. Celluloid Co., 186 N. Y. 319, 79 N. E. 6.

[3] Mr. Schwab's assent to plaintiff's call for a new rope was not an admission of defects in the rope in question. That request was no notice of any defect. Plaintiff gave no reason for requiring more rope, so that it might be supposed it was needed for any purpose on the truck. After plaintiff came from the storeroom, he said nothing more to Mr. Schwab but returned to his truck without further request and without alluding to any defect in the ropes on the truck.

So many elements enter into the inquiry as to how a rope comes to break that the fact of its parting, standing alone, does not give rise to the doctrine of res ipsa loquitur. Duhme v. Hamburg-American Pack-

et Co., 184 N. Y. 404, 410, 77 N. E. 386, 112 Am. St. Rep. 615; Feingold v. Ocean Steamship Co., 61 Misc. Rep. 638, 113 N. Y. Supp. 1018. The case of Pluckham v. American Bridge Co., 104 App. Div. 404, 93 N. Y. Supp. 748, was where the rope was too light for its load. The fitness of this half-inch size of rope is not in question.

[4] Plaintiff argues that the burden of proving defects in an article out of his possession is a hardship. But many causes of action have such difficulties which are to be overcome through discovery, a remedy since 1909 enlarged to permit "discovery of any article of property." Code Civil Proc. § 803. Plaintiff could have had a discovery and inspection of these broken rope ends, by which the condition of the rope fibers and the apparent causes of this break could have been brought out and not left, as at present, to mere speculation.

I advise to affirm, with costs. All concur.