**PATTERSON v. PENNSYLVANIA R. CO.**
**(United States, third party defendant).**

No. 234, Docket 22320.

United States Court of Appeals
Second Circuit.

Argued May 9, 1952.

Decided June 3, 1952.

Nathan Skolnik, Asst. U. S. Atty., New York City (Myles J. Lane, U. S. Atty., New York City, on the brief), for United States, third party defendant-appellant.

Frederick vP. Bryan, New York City (Conboy, Hewitt, O'Brien & Boardman and Richard R. Schilling, Jr., New York City, on the brief), for Pennsylvania R. Co., defendant and third party plaintiff-appellee.

Before SWAN, Chief Judge, and CHASE and CLARK, Circuit Judges.

CLARK, Circuit Judge.

The United States of America has appealed from a judgment of contribution requiring it to pay one-half of a judgment entered against The Pennsylvania Railroad Company in favor of an employee of the latter, Samuel L. Patterson. Patterson originally sued the Railroad for damages for personal injuries under the Federal Employers' Liability Act, 45 U.S.C.A. § 53 et seq. The Railroad thereupon obtained an order permitting it to implead the United States as third-party defendant under F. R.C.P., Rule 14, 28 U.S.C.A. and by complaint and amended complaint it sought to recover either indemnity or contribution for whatever it might be required to pay the plaintiff. Thereafter plaintiff's action

was tried to a jury, resulting in a verdict and judgment against the Railroad of $27,500; the court, acting without a jury, as required by 28 U.S.C.A. § 2402, then denied the Railroad's claim for indemnity, but granted it contribution against the United States for $13,750. In entering this judgment it found the United States equally negligent with the Railroad, while the plaintiff was free of contributory negligence.

■ The issue as to the Government's liability for contribution turns on the facts, which are as follows: Plaintiff was a baggageman in the employ of the Railroad at its 30th Street Station, Philadelphia. On the morning of October 10, 1947, his duties included the moving of certain mail with his battery tractor. The mail was in bags loaded on a small truck which stood some two or three feet from the edge of one of the station platforms. It appears that some of the topmost bags were insecurely loaded and it was thus necessary to replace them preparatory to moving. Efforts to lift them proved unsuccessful, so that plaintiff moved to the other side of the truck, adjacent to the edge of the platform, and took hold of one of the bags by the rope used to close its neck. As he began to pull, however, the rope broke and he fell onto the tracks, sustaining serious injuries.

The negligence found against the Government was in supplying a mail bag with a faulty rope. We think the district court's finding as to the condition of the rope must stand. True, there seemed a dearth of pre-accident evidence as to the condition of the rope, as is perhaps not unusual; only the plaintiff's own statement that it appeared "perfect" or "looked perfectly all right" was available. Circumstantially, however, the district court had before it the broken end of the rope itself, retrieved from the scene of the accident, thus distinguishing the case from Dugan v. American Transfer Co., 160 App.Div. 11, 145 N.Y.S. 31. The rope was noticeably frayed above the break. From this condition the court concluded that the postal authorities who controlled and filled the bags in the station were on notice that it should have been replaced. This conclusion we think justified. That the failure to take such preventive action

constituted negligence and that the accident was thus foreseeable is further borne out by testimony that it was a practice of the employees to carry the bags by their ropes, that postal regulations called for the replacement of faulty or damaged equipment by the Post Office Transfer Clerks, and that such clerks, and not the baggagemen, took care of broken ropes, or the resacking of the mail where necessary.

Next, the court's conclusion that plaintiff was not contributorily negligent was justified on the proof adduced. The Government presents an ingenious argument that under the Federal Employers' Liability Act recovery could still be had by the plaintiff, notwithstanding his comparative negligence, and that the amount of the verdict shows a reduction in the award for this reason. But this is all quite speculative and the judge, equally with the jury, was entitled and required to exercise an independent judgment. The evidence indicated, moreover, that everything plaintiff did was done in the customary fashion, save perhaps only for his standing so close to the edge of the platform. He testified positively, in fact, that he took the precaution of holding the truck with one hand and of carefully and securely placing his feet before pulling the rope. We should accept these facts as found by the trial court. F. R. C. P., Rule 52(a); United States v. United States Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746; United States v. Oregon State Medical Soc., 343 U.S. 326, 72 S.Ct. 690. On them it did not err in refusing to find the plaintiff negligent. The demonstration by plaintiff himself of what occurred, his own testimony, and its corroboration by what others found later in examining the scene are surely a more secure foundation for a determination of due care than the verbal reconstruction of the accident in appellate briefs.

■ In view of this we need not pass on the contention by the Government that a finding of contributory negligence would have absolved it from contribution under the applicable Pennsylvania statute, the Act of June 24, 1939, P.L. 1075, 12 P.S.Pa. § 2081. It is now settled that the United States under the Federal Tort Claims Act,

then 28 U.S.C.A. § 931, now 28 U.S.C.A. §§ 1346(b), 2674, is liable for contribution where, as here, it is equally liable with another tort-feasor for negligence United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523, affirming Howey v. Yellow Cab Co., 3 Cir., 181 F.2d 967.

Affirmed.