Arnold HANKINSON, Plaintiff,

v.

PENNSYLVANIA RAILROAD COMPANY, Defendant,

v.

UNITED STATES of America, Third-Party Defendant, Appellant.

No. 13001.

United States Court of Appeals Third Circuit.

Argued April 5, 1960.

Decided June 15, 1960.

250

See also 160 F.Supp. 709.

Sullivan Cistone, Asst. U. S. Atty., Philadelphia, Pa. (Walter E. Alessandroni, U. S. Atty., Philadelphia, Pa., on the brief), for appellant.

William H. Lowery, Philadelphia, Pa. (John T. Subak, Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., on the brief), for appellee.

Before McLAUGHLIN, STALEY and FORMAN, Circuit Judges.

STALEY, Circuit Judge.

On this appeal we are asked to determine whether a railroad company is entitled to indemnification from the government for the amount it paid to its employee in settlement of a tort claim against it for injuries received as a result of a latent defect in a mailbag delivered to it by the government for shipment. The district court answered this query in the affirmative.

The significant facts may be summarized as follows: The plaintiff, Arnold Hankinson, was employed by the Pennsylvania Railroad Company ("Railroad") as a mail caller at its 30th Street station in Philadelphia, Pennsylvania. Mail was delivered directly to the sorting platform in the railroad station from the post office by means of conveyor belts. The

mailbags accumulated at the ends of the belts, and it was the task of the mail callers to remove the sacks from the pile, ascertain their destination and call the same to the baggagemen who then placed the sacks on trucks for delivery to the appropriate trains. In pursuance of these duties on July 30, 1955, plaintiff was selecting bags for the next train to Delaware and Maryland. Plaintiff took hold of the cord of one of the sacks and when he attempted to pull it from the pile the cord broke, throwing plaintiff to the floor, seriously injuring him. It was testified that the cord broke between the eyelets at the mouth of the sack and that the cord was frayed, worn thin, rusty and rotting. There was additional evidence that the mail sack in question was owned by the United States, had been dispatched directly from the post office, and that after it had been closed in the post office and forwarded to the Railroad there was no way to inspect the cord without opening the sack. Inasmuch as Railroad personnel were forbidden to open the sacks, the United States employed a transfer clerk who was stationed on the sorting platform to watch the activities and to take care of any defective mail sacks.

Suit was instituted by plaintiff against Railroad under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and Railroad brought in the United States as a third-party defendant on the ground that the United States was liable to it under the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b), for either indemnity or contribution for all sums it was obligated to pay plaintiff. Prior to trial Railroad settled with plaintiff for $15,000. In order to facilitate a non-jury trial during a jury period, counsel for Railroad and the United States stipulated with respect to the sole issue to be tried [1] and agreed upon special questions to be answered by the judge. The district court found, inter alia, that the plaintiff was not negligent, that no negligence of Railroad was the active and primary cause of plaintiff's injuries, that the United States was negligent and that such negligence was the active and primary cause of the injuries.

Initially, the government contends that Railroad is not entitled to indemnification or contribution under Pennsylvania law inasmuch as it was a volunteer in settling with its employee. In support of this contention the government asserts that the findings of the district court do not establish that Railroad was liable to plaintiff. This argument is unsound for two reasons. First, it ignores the explicit terms of the stipula-

1. "Stipulation Concerning Settlement of Plaintiff's Claim Against Defendant, The Pennsylvania Railroad Company, and Disposition of Said Defendant's Claims Against Third-Party Defendant, the United States of America.

"And Now, this 29th day of May, 1959, it is hereby stipulated and agreed by and between Philip Price, Esquire, attorney for defendant, The Pennsylvania Railroad Company, and Harold K. Wood, Esquire, and Sullivan Cistone, Esquire, attorneys for third-party defendant, the United States of America, that said defendant, pursuant to its liability to plaintiff herein under the Federal Employer's Liability Act, has settled and discharged all claims plaintiff has arising out of the accident in suit herein, by payment of the sum of $15,000. to plaintiff; that said sum paid by said defendant was a reasonable and proper sum to pay in settlement; that the remaining claims of said defendant against said third-party defendant for indemnity or contribution shall be tried without the necessity of said defendant producing medical or other testimony concerning the damages sustained by plaintiff; and that the sole issue which shall be tried is whether said third-party defendant is liable to said defendant on said claims asserted against said third-party defendant.

"/s/ Philip Price
Philip Price
Attorney for Defendant,
The Pennsylvania Railroad Company

"/s/ Harold K. Wood
Harold K. Wood
United States Attorney

"/s/ Sullivan Cistone
Sullivan Cistone
Assistant United States Attorney,
Attorneys for Third-Party Defendant,
The United States of America"

tion, set out in the margin, to the effect that the government recognized the liability of the defendant and specifically agreed that the only issue that need concern the trial court was that of third-party liability. To return the case to the district court for a determination of the initial liability of Railroad to plaintiff at this late stage would be both unwarranted and unjustified. The government, for reasons best known to it, entered into the instant stipulation and is bound by its terms. The argument must fall for a second reason as well. It has always been the policy of the law to encourage settlements, and we do not apply hindsight in analyzing the wisdom of settling. As Judge Major stated in Chicago, Rock Island & Pacific Ry. Co. v. United States, 7 Cir., 1955, 220 F.2d 939, 941:

"* * * It does not follow from the finding here that plaintiff and its employee 'were in the exercise of due care and caution in their behalf' that a similar finding would have been made by the triers of fact in an action by the employee against the plaintiff. Plaintiff at the time it made settlement with the employee did not have the benefit of such a finding. It was required at that time to use its foresight rather than its hindsight in evaluating the situation relative to its probable liability. Taking into consideration that which we all know, that is, the almost insurmountable difficulties attending the defense by a railroad in an action for damages under the Federal Employers' Liability Act, it cannot be said that plaintiff made other than a fair and reasonable settlement of its potential liability. To have resisted settlement to the point of a jury verdict would have been sheer folly under the circumstances."

We cannot say, nor will we, that under the circumstances Railroad was a volunteer in settling the claim of Hankinson.

■ For a second argument, the government contends that it is not liable under the terms of the Federal Tort Claims Act. Relying on Dalehite v. United States, 1953, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427, it maintains that the Act is only applicable where negligence on the part of a government agent has been shown. There is no quarrel with this statement of the law; however, we fail to see its application to the facts of this case, for the district court made an explicit finding of negligence which is amply supported by the record. The government's reliance on United States v. Savage Truck Line, Inc., 4 Cir., 1953, 209 F.2d 442, 44 A.L.R.2d 984, is equally misplaced, for that was a case of negligent loading of a truck. The primary duty of safe loading was upon the carrier, and although the duty was delegated to the government the carrier remained responsible for the obviously improper loading which was apparent to the carrier. Furthermore, the carrier knowing of the defective loading failed to heed the special danger and, on the contrary, drove as if conditions were normal. Even in that case the court noted that if the defect had been latent or concealed the government would be liable since it had assumed the loading responsibility. In the instant case, the defect was not only latent but inspection of the mail sacks by opening them was prohibited by postal regulations.

■ Finally, the government asserts that the responsibility for the accident rests not upon it but upon Railroad and Hankinson. The answer to this line of argument is that it is simply not supported by the record. Specifically, the district court found against the government and noted a complete lack of proof. It is only upon this unfounded argument that the government is able to distinguish Patterson v. Pennsylvania Railroad Co., 2 Cir., 1952, 197 F.2d 252, a case which is peculiarly in point. We can readily concur in what was stated in the penultimate paragraph of that opinion:

"* * * The demonstration by plaintiff himself of what occurred, his own testimony, and its corroboration by what others found later in examining the scene are surely a

more secure foundation for a determination of due care than the verbal reconstruction of the accident in appellate briefs." 197 F.2d at page 253.

The judgment will be affirmed.