## Richmond.

## NORFOLK AND SOUTHERN RAILROAD COMPANY v. SAMUEL BESKIN.

### December 18, 1924.

JOINT TORT FEASORS—*Liability—Contribution and Exoneration.*—Prior to the Code of 1919, all persons whose negligence contributed proximately to a tort are jointly and severally liable, with no right of contribution among them or remedy over by one against the other, and consequently the party injured may bring his action in the outset against either or all. While this doctrine has been abrogated by §5779 of the Code of 1919, as that statute did not become a law until after the commission of the joint tort, it had no application in the instant case.

Appeal from a decree of the Circuit Court of the city of Norfolk. Decree for defendant. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Jas. G. Martin & Bro.*, for the appellant.

*Venable, Miller, Pilcher & Parsons*, for the appellee.

McLEMORE, J., delivered the opinion of the court.

The bill of complaint in this cause charges that Samuel Beskin, the defendant in the court below, during the year 1917 was operating for pleasure his automobile and carried in the car his wife and his wife's mother. At a grade crossing between Norfolk and Virginia Beach the automobile and an electric car of appellant

were in collision, and Mrs. Beskin and her mother were injured.

That suits were instituted by the injured parties and a judgment recovered by the wife for $2,500.00, and settlement with the mother, made before judgment, for $5,000.00.

That both suits were brought against appellant alone and it has been compelled to pay the sum of $7,500.00 because of said accident.

The bill further alleges that Beskin was grossly negligent in driving his car on the track in front of the approaching train, but that this negligence could not be imputed to the occupants of the car, and, therefore, they were permitted to recover against the appellant without regard to the negligence of the driver of the automobile.

Appellee, not having been joined as a defendant in the actions for damages, has, of course, paid no part of the recovery, and this bill was brought to compel contribution, to the end that he may be required to pay a fair portion of the damages occasioned and recovered by reason of the accident.

Upon demurrer, the learned judge of the circuit court entered a decree sustaining the same and dismissing the bill.

The sole question to be decided by this court is: Can there be contribution among or between persons where concurrent negligence was the proximate cause of an injury, for which one of them has been compelled to respond in damages?

The irreconcilable conflict in the decisions of the courts of this country would leave us quite free to accept the affirmative or negative of the question, had not the doctrine been put at rest by the Supreme Court of Appeals of this State on more than one occasion.

The latest expression of the court may be found in *Virginia Railway & Power Co.* v. *Hill,* 120 Va. 397, 91 S. E. 194, wherein Kelly, J., says:

"If the plaintiff had asked for an instruction defining the taxi company's duty, and it had been refused, he would have had the right to except; but not so with the codefendant railway company; the rule being, as held in *Walton, Witten & Graham* v. *Miller,* 109 Va. 210, 220, 63 S. E. 458, 152 Am. St. Rep. 908, that all persons whose negligence contributed proximately in a tort are jointly and severally liable, *with no right of contribution among them, or remedy over by one against the other* (italics ours) and that consequently the party injured may bring his action in the outset against either or all."

It was suggested that the statement of the law as enunciated in the *Miller Case,* 109 Va. 210, 63 S. E. 458, was *obiter dictum,* it not being necessary to a decision of the case. A complete answer to that objection, however, is found in the case just above cited, wherein the court recognizes the *Miller Case;* quotes it with approval, and rests that phase of the decision relating to contribution among joint tort feasors upon the doctrine recognized as the law of Virginia and so declared in the *Miller Case.*

The same doctrine is announced by the United States Supreme Court in *Union Stock Yards Company.* v. *Chicago, etc., Rwy. Co.,* 196 U. S. 217, 25 S. Ct. 226, 49 L. Ed. 453, 72 Ann. Cas. 525, wherein the following language is approved:

"Where two parties, acting together, commit an illegal or wrongful act, the party who is held responsible in damages for the act cannot have indemnity or contribution from the other, etc."

That many of the text writers and numerous of the

courts have taken a different view of the law, especially where the act involves no moral turpitude or voluntary wrong (as is the instant case), is unquestionably true; and while the bill in the case presents a state of facts making a well nigh irresistible appeal to the conscience of the court; and while the revisors of the Code of 1919, by adding section 5779, have by statute abrogated the doctrine existing in Virginia, this statute did not become a law until after the commission of the joint tort, and therefore cannot affect the rights of the parties, as they are to be determined by the law as of the time of the accident. We do not feel at liberty to depart from the recognized doctrine in this jurisdiction which no doubt controlled the judgment of the trial court.

The decree dismissing complainant's bill was right and will be affirmed.

*Affirmed.*