273 F.2d 551
 SWIFT & COMPANY, Appellant,
v.
Nacy PHELPS, by Next Friend and Guardian, Paul K. Watson, Appellee.
SWIFT & COMPANY, Appellant,
v.
Paul K. WATSON, Administrator of the Estate of David Phelps,
and Paul K. Waston, Administrator of the Estate of
Doris Watson Phelps, Appellees.
 Nos. 13868, 13869.
 United States Court of Appeals Sixth Circuit.
 Jan. 14, 1960.
 
 Stuart F. Dye and Jackson C. Kramer, Kramer, Dye, McNabb & Greenwood, Knoxville, Tenn., for appellant.
 Clyde W. Key, Knoxville, Tenn. (Key & Lee, Knoxville, Tenn., Sam Calhoun, Jr., Chatsworth, Ga., on the brief), for appellees.
 Before SIMONS and WEICK, Circuit Judges, and WILLIAM E. MILLER, District Judge.
 PER CURIAM.
 
 
 1
 On the joint trial of these cases in the District Court, the jury returned verdicts for appellees and against appellant for damages resulting from an automobile-truck collision near Chatsworth, Georgia. The sole question presented here is whether the District Court committed reversible error in overruling appellant's motions for directed verdicts and motions for judgments notwithstanding the verdicts.
 
 
 2
 As a result of the collision from which the actions arose, David L. Phelps and his wife, Doris Watson Phelps, lost their lives, and Nancy Phelps, their sixteenyear-old daughter, was injured. Nancy Phelps, by next friend, and Paul K. Watson, as administrator of the estates of Mr. and Mrs. Phelps, brought the actions against Swift & Company, the owner of the truck involved in the collision.
 
 
 3
 Appellant's truck was traveling in an easterly direction on U.S. Highway 76, which is a favored or through highway. The Phelps automobile, occupied by the decedents and Nancy Phelps, was traveling northwesterly on Georgia Highway 225, which is a non-favored or stop highway. The point of impact was in the southeast quadrant of the intersection. Appellant argues that there was no evidence of negligence on the part of the driver of appellant's truck and, further, that the driver and other occupants of the Phelps automobile were guilty of negligence that should preclude a recovery in their behalf.
 
 
 4
 Although there was evidence that the negligence of the occupants of the Phelps automobile was the proximate cause of the accident and the resulting injuries, the evidence introduced by appellees was sufficient to raise factual issues which the trial court properly submitted to the jury. From the testimony of Nancy Phelps, the only surviving occupant of the Phelps automobile, the following facts appear:
 
 
 5
 She and her parents were traveling in a northwesterly direction on Georgia Highway 225 at about thirty miles per hour. As they approached U.S. Highway 76, Mr. Phelps, who was driving, brought the car to a standstill at a stop sign on the Georgia Highway a short distance south of the through highway.[1] The view to their left, or west, was limited to some extent by a tree, a hill, and a curve in U.S. Highway 76. Mr. Phelps then brought the car forward and again to a complate stop, this time about thirty-six feet from the intersection. Mr. Phelps looked to the east and he and Nancy Phelps then looked to the west on U.S. Highway 76. Immediately before driving into the intersection, they again looked to their lift, or west, and appellant's truck was not in sight. They then proceeded into the intersection where the collision occurred.
 
 
 6
 This testimony and the inferences to be drawn therefrom would support a finding by the jury that the occupants of the Phelps automobile were exercising ordinary case for their own safety, that they were not guilty of negligence which proximately caused or contributed to the accident, and that they entered the intersection lawfully.
 
 
 7
 If the Phelps automoble did in fact enter the intersection at a time when the truck was not an immediate hazard, it obtained the right of way,[2] and it was then the duty of appellant's driver to yield the right of way and to control the speed of the truck so as to avoid the collision.[3] Section 68-1626(b) of the Georgia Code provides a maximum speed of forty-five miles per hour for vehicles in the weight category of appellant's truck. Subdivision (c) of that section further provides that 'the driver of every vehicle shall, consistent with the requirements of subdivision (a), drive at an appropriate reduced speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around a curve, when approaching a hillcrest, * * * and when special hazard exists.'
 
 
 8
 Although much of the evidence was circumstantial in character, the record would justify a finding not only that appellant's truck was not an immediate hazard when the Phelps automobile entered the intersection, but also that appellant's driver failed to keep a proper lookout ahead and to reduce his speed appropriately as he was required to do. Of significance was the fact that the Phelps automobile, while traveling in a northwesterly direction, was propelled seventy-five feet in an easterly or southeasterly direction-- an angle of considerably more than ninety degrees from its line of travel-- by the force of the impact. Inferences as to the speed of the truck could be drawn from these facts in conjunction with other facts in the record.
 
 
 9
 The doctrine of comparative negligence prevails in Georgia. If there was evidence of negligence on the part of both parties, it was for the jury to determine from the evidence whether the negligence of the occupants of the Phelps automobile equaled or exceeded that of appellant's driver so as to preclude a recovery, or if it did not, to diminish the damages in proportion to the negligence attributable to the occupants of the Phelps automobile. Atlantic Greyhound Corporation v. Loudermilk, 5 Cir., 110 F.2d 596, 598; Smith v. American Oil Co., 77 Ga.App. 463, 491, 49 S.E.2d 90; Sanders v. Sisk, 68 Ga.App. 572, 23 S.E.2d 503; Pollard v. Heard, 53 Ga.App. 623, 626, 186 S.E. 894; Georgia R. & Banking Co. v. Wallis, 29 Ga.App. 706, 715, 116 S.E. 883.
 
 
 10
 It appearing from the entire record that there was substantial evidence to support the verdicts, the judgments of the District Court are affirmed.
 
 
 
 [1]
 Other testimony disclosed that the stop sign was fifty-four feet from U.S. Highway 76
 
 
 [2]
 Georgia Code:
 Section 68-1652. Same; vehicle entering through highway or stop intersection.-- (a) The driver of a vehicle shall stop * * * at the entrance to a through highway and shall yield that right of way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through highway shall yield that right of way to the vehicle so proceeding into or across the through highway.'
 
 
 [3]
 Georgia Code:
 Section 68-1626. General Speed Restrictions-- (a) No person shall drive a vehicle * * * at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.'