## 24564. F. H. ROSS & COMPANY v. WHITE.

UNDERCOFLER, Justice. This litigation arose out of a motor vehicle collision in which it is alleged that the defendant in a negligent manner caused his automobile to come to an abrupt stop without warning, failed to fully drive it from the highway and allowed portions of it to block the lane of traffic in which the plaintiff's tractor trailer was traveling. Because of these acts, the drivers of one or more motor vehicles immediately behind the defendant were forced to apply brakes suddenly. One of the said vehicles skidded onto the shoulder of the highway. The petition alleges that the plaintiff's driver observed the emergency situation thus created, "as the sole and proximate result" of the defendant's negligence and responded to it in a reasonably prudent manner by applying brakes to his tractor trailer which "jacknifed" out of control across the centerline of the highway. A few seconds later an automobile traveling in the opposite direction collided with it. The driver of the oncoming automobile was killed. Suit for damages on behalf of the decedent was entered against the plaintiff herein in the federal court and a judgment obtained against it. A motion to join the defendant herein as a party to that suit was denied. The judgment entered against the plaintiff in that suit has been paid by it. In the instant case the plaintiff prays for judgment against the defendant for damages to his truck, the loss of the use thereof, and for one-half of the judgment recovered against it in the federal court. The plaintiff contends that it is entitled to contribution from the defendant for one-half of said judgment as a joint tortfeasor under Georgia Laws 1966, p. 433 (*Code Ann.* § 105-2012 (1)) which provides: "(1) Where the tortious act does not involve moral turpitude, contribution among several trespassers may be enforced just as if they had been jointly sued."

The defendant moved to dismiss the complaint on the ground that it failed to state a claim upon which relief could be granted, and in particular, to dismiss the claim for contribution for the reason that the 1966 Act relied upon by the plaintiff should be construed prospectively and not retroactively and that the 1966 Act is a denial of due process and equal protection of law under both the Federal and State Constitutions. The motion was granted by the trial court on all of the grounds and the appeal is from that judgment. *Held:*

1. The petition alleges a claim for damages to the plaintiff's tractor-trailer truck and the loss of the use thereof. *Telfair County v. Webb,* 119 Ga. 916 (47 SE 218); *Globe Motors v. Noonan,* 106 Ga. App. 486 (7) (127 SE2d 320).

2. It is well settled that a statute affecting substantive rights operates prospectively. *Code* § 102-104. The right of contribution between joint trespassers is a substantive right created by statute. *Southern R. Co. v. City of Rome,* 179 Ga. 449 (176 SE 7). In a negligence case the substantive rights of the parties are fixed at the time of the injury or event on which liability depends. *Williams Bros. Lumber Co. v. Anderson,* 210 Ga. 198 (78 SE2d 612); Norfolk Southern R. Co. v. Beskin, 140 Va. 744 (125 SE 678); Distefano v. Lamborn, 46 Del. 195 (81 A2d 675). The injury in the instant case occured in 1965. Therefore, Georgia Laws 1966, p. 433 (*Code Ann.* § 105-2012 (1)) is not applicable in this case.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

ARGUED APRIL 8, 1968—DECIDED APRIL 22, 1968—
REHEARING DENIED MAY 9, 1968.

*Thomas A. Rice,* for appellant.
*Glenn Frick,* for appellee.