RALPH BILLY MASSEY and DANNY RHEA MASSEY,
Appellants,

*v.*

SULLIVAN COUNTY, TENNESSEE, Appellee.

464 S.W.2d 548.

(*Knoxville*, September Term, 1970.)

Opinion filed March 1, 1971.

DAVID S. HAYNES, Bristol, for appellants.

WALTER O. WADDEY, Kingsport, for appellee.

MR. JUSTICE HUMPHREYS delivered the opinion of the Court.

Plaintiffs, Ralph Billy Massey and Danny Rhea Massey, sued Sullivan County, Tennessee, to recover $3,255.00, one-half of the amount allegedly paid in settlement of a suit against them for damages for injuries to person and property, growing out of an automobile collision in which Sullivan County was allegedly a tort-feasor. The suit was pitched squarely on the new Uniform Contribution Among Tort-Feasors Act, sec. 23-3101 et seq. The particular sections invoked are sec. 23-3104 (a) T.C.A. and sec. 23-3105(a).[1]

---

[1] "23-3104. *Enforcement of contribution-Procedure-Limitation.*— (a) Whether or not judgment has been entered in an action against two (2) or more tort-feasors for the same injury or wrongful death, contribution may be enforced by separate action in the circuit or chancery courts to be tried according to the forms of chancery."

"23-3105. *Effect of release or covenant not to sue upon liability of other tort-feasors.*—When a release or covenant not to sue or not to enforce judgment is given in good faith to one (1) of two (2) or more persons liable in tort for the same injury or the same wrongful death;

"(a) It does not discharge any of the other tort-feasors from liability for the injury or wrongful death unless its terms so provide; but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; * * *."

The collision having occurred prior to the enactment of the new Act, and the suit being predicated upon a retroactive application of the Act, Sullivan County demurred on the grounds of this retroactive application and on the further ground, that, if the provisions of the Act invoked were to be given retroactive application, still, there could be no recovery, because the release on which the suit was predicated did not release Sullivan County from any liability it might have in the premises.

The first question we have is whether the provisions of the Act involved should be applied retroactively, and the answer to this question lies in the answer to the question whether the Act is purely procedural, or affects substantive rights.

With respect to this, regardless of what may have been said by other courts in other cases, the conclusion is inescapable that the purpose of this Uniform Act is to change the general rule that there is no contribution among joint tort-feasors and so to make a substantive change in the law. *Anderson v. Saylors,* 40 Tenn. 551 (1859); 18 Am.Jur.2d, Contribution, sec. 33.

Cases from other jurisdictions pro and con on this point are cited in the Court of Appeals opinion in *Jacob G. Miller v. Dennis Sohns,* filed December 3, 1969, Knoxville, with which we agree, holding the Act does not apply retroactively are: *F. H. Ross & Co. v. White,* 224 Ga. 324, 161 S.E.2d 857 (1968); *Klaas v. Continental Southern Lines,* 225 Miss. 94, 82 So.2d 705 (1955); *Commercial Casualty & Insurance Co. v. Leonard,* 210 Ark. 575, 196 S.W.2d 919 (1946); *Kansas City Southern Ry Co. v. McDaniel,* 131 F.2d 89 (8th Cir. 1942) (applying Ark. Law); *Norfolk & Southern R. Co. v. Beskin,* 140 Va. 744,

125 S.E. 678 (1924) ; and *Bargeon v. Seashore Trans. Co.,*
196 N.C. 776, 147 S.E. 299 (1929).

That this purpose is accomplished by an Act which
mentions the procedures by which this primary change
is to be availed of, does not change the true nature of the
Act as substantive, and make it procedural.

The validity of these general observations is challeng-
able in this state as to the right of contribution among
tort-feasors, because, by case law, prior to the Act, the
common law rule had been changed from no contribution
to right of contribution, without regard to the active and
passive negligence test. *Davis v. Broad Street Garage,*
191 Tenn. 320, 232 S.W.2d 355 (1950) ; *American Gas Co.
v. Billingsley,* 195 Tenn. 448, 260 S.W.2d 173 (1953) ; 7
Vanderbilt Law Review 948; 12 Vanderbilt Law Review
1367 ; 16 Vanderbilt Law Review 860; 16 Vanderbilt Law
Review 895.

But, this does not alter the case. Plaintiffs rely as a
basis of their suit on sec. 23-3105(a) and (c) T.C.A.
This section of the Act radically changes the settled com-
mon law with respect to the effect of releases. This rule
is stated in the History of a Lawsuit, 7th Ed., sec. 266,
as follows:

"A release of one of two or more joint wrongdoers
operates as a release and discharge of them all, and
may be pleaded in bar of any subsequent action
brought by the party injured against any of the
others."

So, here again, we have an alteration of the common
law, resulting in the deprivation of a valuable common
law right to those who might be affected by this sweep-

ing change. Under such a circumstance, this section of the Act cannot be given retroactive application. So to do would result in unconstitutionality. Constitution of Tennessee, Article 1, Section 20.

Under the circumstances, we are of opinion plaintiffs should pursue their right of contribution under the remedy provided by the case law to which we have referred, without reference to the Act. Thereunder, they may have a remedy, depending upon the facts. However, we do not decide this.

Any indication on our part of a retroactive application of the Act would be fraught with the hazard of the possible impairment of vested rights, a result we can and do avoid by the course taken, and still leave plaintiffs the right to pursue their remedy.

The case is remanded with leave given plaintiffs to amend their suit so as to delete reference to the Uniform Act, and so as to invoke the case law principles of contribution, subject to the effect of the release, as a common law release, as to which we do not decide. Costs are adjudged against plaintiffs-in-error and their sureties.

DYER, CHIEF JUSTICE, CHATTIN and McCANLESS, JUSTICES, and JENKINS, SPECIAL JUSTICE, concur.