McCLELLAN HOLLOWAY, JR. *v.* DONALD
C. T. WRIGHT ET AL.

[No. 576, September Term, 1973.]

*Decided June 14, 1974.*

616

The cause was argued before MORTON, POWERS and MENCHINE, JJ.

*David H. Patton* for appellant.

*Robert E. Cahill,* with whom were *Melnicove, Greenberg & Kaufman,* P.A., on the brief, for appellee Vincent D. Fonte.

POWERS, J., delivered the opinion of the Court.

The merits of this case and of another case consolidated with it, both arising from the same collision of two automobiles at a street intersection in Baltimore, were determined in a jury trial in the Circuit Court for Carroll County. All that remains for this Court to do on appeal is to direct the entry of one additional judgment to carry into effect the findings of the jury.

We set forth only enough of the facts of the collision to enable us to examine in proper perspective the relationships which the pleadings in the case established among the several parties.

On 7 October 1967 Donald C. T. Wright and Vincent D. Fonte were members of the Baltimore City Police Department. At about 3:00 P.M. on that day both were riding in a police car, in the performance of their duties. Fonte was driving. At the intersection of Preston and Broadway Streets the police car and another car, operated by McClellan Holloway, Jr., collided.

Wright and his wife filed a suit for damages against Holloway in the Superior Court of Baltimore City. Holloway brought Fonte into that case by filing a third party claim against him. Holloway asserted no affirmative damage claim against Fonte, but claimed contribution from Fonte with respect to any damages Wright might recover against

Holloway. Fonte filed a separate suit for damages against Holloway, also in the Superior Court of Baltimore City. The two cases were consolidated.[1] Wright amended his original declaration to add Fonte as a defendant and to claim damages against both Holloway and Fonte. In this posture the cases were removed to the Circuit Court for Carroll County.

An inventory of the claims and issues made or raised by these pleadings will assist in understanding them:

a. Wright's claim for damages against Holloway. To recover required a finding, supported by evidence, that Holloway was negligent.[2]

b. Wright's claim for damages against Fonte. To recover required a finding, supported by evidence, that Fonte was negligent.[2]

c. Fonte's claim for damages against Holloway. To recover required findings, supported by evidence, that Holloway was negligent and that Fonte was not negligent.

d. Holloway's claim for contribution against Fonte. To recover required a finding on the third party claim, supported by evidence, that Fonte was negligent. This claim would become moot if Wright failed to recover against Holloway.

At the trial, Wright's evidence was presented first. In substance, it showed that Fonte, on Broadway, entered the intersection on a green light, and that Holloway, on Preston, entered on a red light. At the close of Wright's evidence Fonte moved for a directed verdict in his favor as a defendant in Wright's case. The court granted the motion.

Fonte then presented his case as a plaintiff. His evidence concerning the traffic light was the same as Wright's. Holloway followed with his evidence. He said that when he

---

1. When two or more cases are consolidated, there are multiple parties, multiple claims, and multiple counts, but they become, for the purpose of trial, one case. Maryland Rule 503.

2. There was no contention that Wright was contributorily negligent. The trial judge instructed the jury, without objection, that he was not. We do not include contributory negligence by Wright as an issue in this inventory.

first observed the light from a distance of one block, it was red for traffic on Preston Street, and he reduced his speed. When he got about half way in the block the light turned green, so he resumed his speed and kept on going. Holloway's testimony was corroborated by the operator of another car, who said he was on Broadway, stopped at Preston, and the light was red for traffic on Broadway when the collision occurred.

In Wright's case the jury returned a verdict for the plaintiffs and awarded damages totalling $18,900.00. In Fonte's case the verdict, as the court recorded it, was that the jury found "both the plaintiff, Vincent D. Fonte, and the defendant, McClellan Holloway, Jr., negligent". No verdict was taken on Holloway's third party claim against Fonte.

Holloway filed a motion for a new trial as to the Wright verdict against him, and a motion for judgment against Fonte on the third party claim for one half of the Wright verdict. Both motions were denied. Holloway filed a timely appeal as defendant and as third party plaintiff. The questions he presents here are:

1. Did the Court commit error in granting motion for directed verdict by Defendant (Appellee) Fonte before hearing testimony on behalf of Original Defendant (Appellant) Holloway, Jr. who had first brought Fonte into the case by impleading?

2. Did the Court commit error in denying Third-party Plaintiff's (Appellant's) Holloway, Jr. motion for judgment in his favor in the amount of $9450.00 (half the judgment rendered by jury for Plaintiffs Wright) as against Third-party Defendant (Appellee) Fonte?

Although Fonte's motion for a directed verdict at the close of Wright's evidence raised only the question of the legal sufficiency of that evidence to permit the jury to find in favor of Wright against Fonte, Holloway, as a codefendant, had an interest in the result of that motion which entitles him to assert here that the trial judge erred in granting it.

*Williams v. Dawidowicz,* 209 Md. 77, 120 A. 2d 399 (1956) involved an appeal in general terms by one of two defendants in a tort case. Judgment had been entered below against the defendant who appealed and in favor of the other defendant. The Court of Appeals held that the appeal was sufficient to bring up for review all judgments from which the appellant had standing to appeal, and said, at 81-82:

> "It seems clear that Williams would have had a right to appeal not only from the judgment against him, but from the judgment in favor of the co-defendant, in view of his right to contribution if the co-defendant was also guilty of negligence contributing to the injury."

The right to assert error avails Holloway nothing, however, because there was no error in granting Fonte's motion. Wright had closed his evidence. He had sued both Holloway and Fonte. *At that stage of the case* there was, as a matter of law, no evidence to support a verdict for Wright against Fonte. Fonte was entitled to cut one of the two strings tying him to potential liability, but the cutting of one in no way weakened the other.

It appears in the transcript that there was some uncertainty whether the third party claim continued to be a viable pleading after the plaintiffs amended to declare directly against the third party. The Court of Appeals supplied the answer to any such uncertainty in *Stem v. Nello L. Teer,* 213 Md. 132, 130 A. 2d 769 (1957), a case which we discussed and applied in *Stitzel v. Kurz,* 18 Md. App. 525, 308 A. 2d 430 (1973). In both cases, the directed verdicts below, which were reversed on appeal, purported to discharge one or more defendants from any further exposure in the case, before the defendant who filed the third party claim had an opportunity to offer evidence to support it. In the present case Fonte's motion which the court granted was directed specifically to Wright's case against him, and, as we have said, was properly granted.

We conclude, however, that the court did err in its view of the effect of granting Fonte's motion. In a memorandum

opinion disposing of the several post-trial motions the court viewed the directed verdict for Fonte as relieving him of any further participation in the case or defense to the claims. On that reasoning the court denied Holloway's motion for judgment against Fonte for one half of the Wright verdicts. That motion should have been granted. Fortunately, the evidence in Holloway's defense to Fonte's suit was equally applicable to the third party claim, and the issue raised in that claim was decided by the jury by its verdict in Fonte's case.

Unlike *Creighton v. Ruark,* 230 Md. 145, 186 A. 2d 208 (1962), where a plea of *res judicata* was rejected because the parties, although they had been codefendants in a prior suit were not adversaries under the pleadings in that prior suit, Fonte and Holloway were adversaries in Fonte's suit. The finding there that both were negligent is binding, and governs Holloway's right to contribution from Fonte. See *Keitz v. National Paving Co.,* 214 Md. 479, 136 A. 2d 229 (1957).

The verdicts in favor of the Wrights, and the judgments later entered upon those verdicts, were necessarily against Holloway only. Fonte was no longer a direct defendant in the Wright case when it went to the jury, and therefore he could not be held answerable to Wright directly. But he was still in the Wright case as a third party, and could be held answerable to Holloway for contribution. The issue raised by the third party claim should have been submitted separately to the jury, but the failure to do so presents no problem. The same issue of concurring negligence was determined by the jury in the other case, in which Fonte and Holloway were in the identical adversary position.

Holloway's attack on the Wright judgments in this appeal is limited to his contention that they should have been entered against both defendants. That attack is not well founded, but Holloway gets the same result by a different route. The Wrights did not participate in this appeal.

Although the verdicts in this case did not conclude formally to all of the issues, yet the court, by reference to the pleadings and the issues, should mold the verdicts into

proper shape and make them serve. *Davis v. Board of Education,* 168 Md. 74, 176 A. 878 (1935). Holloway's motion for judgment against Fonte for $9,450.00 should have been granted.

*Judgments for plaintiffs against defendant Holloway affirmed.*

*Order signed 29 June 1973 and filed 2 July 1973, denying Holloway's motion for judgment against Fonte, reversed.*

*Case remanded for entry of a judgment in accordance with this opinion.*

*Appellee Vincent D. Fonte to pay the costs.*