LaVerne CAREY and husband, W. T. Carey

v.

J. E. JONES et al.

Court of Appeals of Tennessee, Eastern Section.

Oct. 6, 1976.

Certiorari Denied by Supreme Court Feb. 7, 1977.

Joyce, Anderson, Wood & Meredith, Oak Ridge, for Max Everett and Tenneco, Inc.

Flynn & Flynn, Knoxville, for Mr. & Mrs. Carey.

Layton & Perry, Oak Ridge, for J. E. Jones and Mitchell Jones.

## OPINION

PARROTT, Presiding Judge. (E.S.)

In this circuit court action LaVerne Carey and husband, W. T. Carey, seek damages for injuries suffered by Mrs. Carey who was allegedly struck by a gasoline hose. Named as defendants are: Tenneco, Inc., owner of the service station; Max Everett, employee of Tenneco, Inc.; and J. E. Jones, owner of a motorcycle ridden by his son Mitchell who allegedly came in contact with the gasoline hose while plaintiff was attempting to fill her car with gasoline at Tenneco's service station.

At the conclusion of plaintiffs' proof, the trial judge entered a directed verdict in favor of the defendants, J. E. Jones and Mitchell Jones, and judgment on the jury's verdict in favor of the plaintiff against the defendants, Max Everett and Tenneco, Inc., in the sum of $15,000.00 for bodily injuries to Mrs. Carey, and $7,000.00 for loss of services to her husband, W. T. Carey. On defendants' motion for new trial or remittitur, the trial judge allowed a remittitur in the amount of $3,000.00 on the judgment for Mrs. Carey and $1,000.00 on the judgment for Mr. Carey to which the plaintiffs excepted.

The appellants, Max Everett and Tenneco, Inc., have assigned as error the trial judge's directing a verdict for the defendants, Mitchell Jones and J. E. Jones; the trial judge's refusal to direct a verdict in favor of the appellants; and the failure of the trial judge to charge the jury as to the effect of an invitee exceeding the scope of his invitation.

The record shows that plaintiff, LaVerne Carey, drove her automobile into a Direct Oil Company service station owned and operated by the defendant, Tenneco, Inc., and parked so that the rear of her automobile was approximately even with the end of the service island. On the other side of the island, the motorcycle belonging to defendant, Mitchell Jones, was being serviced by Max Everett, the assistant manager of the service station. After filling the motorcycle with gas, Everett routinely cleared the purchase price from the pump and allowed Mrs. Carey to begin filling her own automobile. It is disputed whether Everett handed Mrs. Carey the hose or she got it herself from the pump. While Mrs. Carey was in a squatting position inserting the nozzle of the hose into the tank opening located at the rear of her automobile, the defendant, Mitchell Jones, started his motorcycle and departed from the station around the rear of Mrs. Carey's car. Almost immediately upon leaving the service island, the defendant Mitchell Jones felt a jerk or a bump, heard Mrs. Carey scream, and observed her recovering from a backward fall resulting as the hose was jerked from her hands. When he stopped, the record shows the hose was located either near his motorcycle or was entangled with it.

The appellants' first assignment of error is the correctness of the trial judge's directing a verdict in favor of defendants, J. E. Jones and Mitchell Jones. Before we can address this assignment of error, a paramount question is raised as to whether or not the defendants have a right to complain of the trial judge's directing a verdict in favor of a co-defendant.

The existing law in Tennessee concerning this issue is found in *Yellow Cab Company of Nashville v. Pewitt,* 44 Tenn.App. 572, 316 S.W.2d 17 (1958), involving an action against a taxi company and a bus company for injuries sustained by an automobile driver when his car was struck in the rear by the taxi cab and knocked into the path of the bus. The circuit judge dismissed the action against the bus company, but entered judgment for the plaintiff against the

taxi cab company. In the appeal the taxi cab company complained of the circuit judge's dismissal of the bus company. This Court held the taxi cab company "cannot complain of the dismissal of its co-defendant, since it was not aggrieved nor its liability affected thereby. This is true whether it was one of the joint tortfeasors, as charged, or was the sole wrongdoer, as implied by the jury's verdict acquitting its co-defendant." See also, *McAmis v. Carlisle,* 42 Tenn.App. 195, 300 S.W.2d 59 (1956); and *Howard v. Haven,* 198 Tenn. 572, 281 S.W.2d 480 (1955).

█ However, since the enactment of the Uniform Contribution Among Tortfeasors Act in 1968, which is codified as T.C.A. 23-3101 et seq., we do not believe the ruling in *Pewitt* and other similar holdings is any longer controlling authority. We find no cases in this state considering the effect of the statute when a co-defendant complains of the dismissal of another co-defendant.

In states where the question has been considered there appears to be a lack of unanimity. California held before the enactment of the joint tortfeasors act and after its enactment that a defendant who is individually liable is not aggrieved by the exoneration of a co-defendant, even though the exoneration was erroneous. *Perez v. G. W. Chevrolet, Inc.,* 274 Cal.App.2d 766, 79 Cal.Rptr. 285. However, California's position is based on a statutory denial of the right of contribution when a co-defendant is dismissed from the lawsuit. C.C.P. 12 § 877. Two other jurisdictions, Maryland and Pennsylvania, have taken the opposite view of the California court.

The Court of Appeals of Maryland held in *Williams v. Dawidowicz,* 209 Md. 77, 120 A.2d 399 (1956), that "it seems clear that [the defendant] would have had a right to appeal not only from the judgment against him, but from the judgment in favor of the co-defendant, in view of his right to contribution if the co-defendant was also guilty of negligence contributing to the injury." Similarly, the Supreme Court of Pennsylvania, in *Schwartz v. Jaffe,* 324 Pa. 324, 188 A. 295 (1936), held that "as the question to

be decided where a plaintiff sues more than one defendant is the liability to the plaintiff of one or more of the defendants, they should be put on equal terms concerning that liability, and the one on whom the court below places such liability should be permitted to object to the release of his co-defendant and to follow that objection to this court."

The Court in *Pewitt* declared that a defendant could not appeal a co-defendant's dismissal because (1) the defendant was not an aggrieved party, and (2) the defendant's liability was not affected. It appears from cases in other jurisdictions having a statutory right of contribution that the dismissal of a co-defendant satisfies these two requirements. The Maryland Court of Appeals stated in *Holloway v. Wright,* 21 Md. App. 615, 320 A.2d 572 (1974), that a defendant against whom judgment has been rendered does have an interest in a directed verdict for his co-defendant which entitles him to assert on appeal that the trial judge erred in granting the directed verdict.

From these cases it appears that the defendant's liability would be affected by the dismissal of a co-defendant and the defendant would therefore qualify as an aggrieved party having the right to appeal that decision.

We believe the Maryland and Pennsylvania decisions offer better reasoning, particularly so since our courts have held contribution to be a substantive right. In *Massey v. Sullivan County,* 225 Tenn. 132, 464 S.W.2d 548 (1971), the Tennessee Supreme Court determined that the Uniform Contribution Among Tortfeasors Act made a substantive change in the general common law rule that there is no contribution among tortfeasors. The Court then proceeded to hold that the Uniform Act could not constitutionally be given retroactive effect because of the substantive effect it has on the common law.

■ Following the reasoning of the Court in *Massey,* the Uniform Contribution Among Tortfeasors Act creates a substantive right to contribution from a co-defendant whose negligence contributes to plain-

tiff's injury. As a result of a right of contribution if the co-defendant is found liable, a judgment defendant should be allowed to appeal a decision dismissing his co-defendant. The Maryland courts have similarly recognized that the Uniform Contribution Among Tortfeasors Act is a substantive right and have given the defendant the right to question the dismissal of a co-defendant on appeal. *Stem v. Nello L. Teer Company,* 213 Md. 132, 130 A.2d 769 (1957).

Because a directed verdict for a co-defendant deprives the defendant of the substantive right of contribution among co-defendants, we find the appellants-defendants in this case should be allowed to question on appeal the propriety of his co-defendants' dismissal.

■ This brings us to the question of the correctness of the trial court's directing a verdict in favor of the co-defendants. Everyone is mindful of the well established rules for determining a motion for directed verdict. The rules require the trial judge and reviewing court on appeal to look to all the evidence, to take the strongest legitimate view of it in favor of the opponent of the motion, and to allow all reasonable inferences from it in its favor, to discard all countervailing evidence and, if then there is any dispute as to material determinative evidence or any doubt as to the conclusion to be drawn from the whole evidence, the motion must be denied. *D. M. Rose & Co. v. Snyder,* 185 Tenn. 499, 206 S.W.2d 897 (1947); *Poole v. First Natl. Bank of Smyrna,* 29 Tenn.App. 327, 196 S.W.2d 563 (1946).

■ In reviewing the evidence there is conflicting proof as to the proximate cause and testimony from which it could be inferred that the motorcycle driver Jones was guilty of negligence. At one point Jones testified that after his motorcycle began to move, he felt a bump as if he had run over an object such as a hose. At another point Jones testified that he thought the gasoline hose could have gotten stuck on one of the foot pegs of the motorcycle when he started off.

The testimony as to the location of the hose immediately after the accident is also in conflict. Plaintiff stated the hose was entangled with the motorcycle and other witnesses stated the hose was lying close to the motorcycle.

The trial judge, in directing a verdict on behalf of Jones, was apparently of the opinion that since there was no evidence Jones ever touched or handled the hose, he had breached no duty and as a matter of law could not be liable for the plaintiff's injury. However, we cannot agree with this reasoning. There was a duty upon Jones as well as Everett to see that no obstacle was in the path of the motorcycle when Jones departed. From the evidence in this cause it cannot be concluded as a matter of law that either or both of the defendants were free of negligence which contributed to plaintiff's injury.

Since the evidence is in conflict as to the proximate cause of the accident and there is evidence from which the jury could infer motorcycle rider Jones breached a duty, the trial judge erred in directing a verdict as to Jones. Therefore, appellants' first assignment of error is upheld.

■ The appellants second assignment of error is the trial judge's overruling the appellants' motion for directed verdict. From the proof it could be reasonably inferred that Tenneco, Inc., acting through its employee Max Everett, caused the gasoline hose or its retraction or tension cord to become attached to or entangled with Mitchell Jones' motorcycle, thereby directly and proximately causing this accident and Mrs. Carey's injuries. The defendant Jones testified that as he departed from the service island he felt a jerk or a bump as if he had run over the hose. He later testified that the hose probably became attached to his foot pegs as he left. From this testimony there is material evidence from which the jury could determine that Max Everett breached his duty of care to the plaintiff by not using reasonable care to see that the hose was clear of the motorcycle before its departure. Accordingly, the appellants'

motion for directed verdict was properly overruled by the trial judge.

■ The appellants' third assignment of error is the trial judge's failure to charge the jury as to the effect of an invitee exceeding the scope of his invitation. The record shows that the defendant, Tenneco, Inc., operated a self-service gas station up until three or four weeks prior to the accident. The testimony further establishes that the plaintiff, LaVerne Carey, had purchased gas from the defendant for several months before her injury, always servicing her own automobile and never being advised of the change from self-service to full-service. At the time of the accident, the defendant Max Everett completed servicing Jones' motorcycle and the conflicting testimony reveals he either handed Mrs. Carey the nozzle or allowed her to take it from the pump without insisting upon servicing her car himself or informing her of their change in policy.

From these facts it appears that the defendants consented to Mrs. Carey's pumping her own gas and that she did not go beyond their implied invitation while servicing her automobile. Her status as an invitee was not reduced to that of a licensee and consequently, the defendants' standard of care remains the higher duty owed to an invitee. *Keller v. East Tenn. Production Credit Assn.*, 501 S.W.2d 810 (Tenn.App. 1973).

The trial court, therefore, did not err by failing to charge the jury as to the consequences of an invitee going beyond the scope of his invitation since Mrs. Carey did not exceed the invitation impliedly given her by the defendants. The appellants' third assignment of error is overruled.

Because the trial judge erred in directing a verdict for the defendants, J. H. Jones and Mitchell Jones, the judgment is reversed and the case is remanded for a new trial as to all parties.

Costs incident to this appeal will be apportioned in equal amounts among plaintiff and defendants Everett and Tenneco, and the Joneses. All other costs will be taxed within the discretion of the court below.

H. TED MILBURN, Special Judge, concurs.

SANDERS, J., dissenting.