**Bennie COLE, Appellant,**

v.

**Scott A. ARNOLD, III, et al., Appellees.**

Supreme Court of Tennessee.

Jan. 10, 1977.

Max D. Lucas, Jr., Memphis, for appellant.

Larry K. Scroggs, Memphis, for Medic Ambulance Service, Inc.

Blanchard S. Tual, Memphis, for Scott A. Arnold, III, et al.

OPINION

COOPER, Chief Justice.

Bennie Cole, a/k/a Bernie Cole, has appealed from a judgment entered in the Circuit Court of Shelby County awarding Scott A. Arnold, III, A. H. Pittman, Allen Gary, and Louis Bianci compensatory damages.

The case was tried on a stipulation of facts, none of which go to the merits. According to the record, appellees filed an action in the General Sessions Court of Shelby County against appellant and Medic Ambulance Service, Inc. We gather from the summons that Mr. Cole's vehicle and a vehicle owned by Medic were in collision in the intersection of Poplar and Mendenhall Streets and that the Cole vehicle thereafter struck a building owned by appellees. Without averring more details, appellees charged that their building was damaged by the "negligence [of] either Bennie Cole and/or Medic Ambulance Service, Inc."

Neither defendant offered evidence on trial of the case in the sessions court, with the result that a judgment was entered in favor of the appellees against Mr. Cole for $961.35. Mr. Cole appealed both the judg-

ment in favor of the appellees and the judgment exonerating Medic Ambulance Service, Inc. from liability.

The parties further stipulated that "subsequent to the appeal of this cause to the Circuit Court, a suit by Bennie Cole against Medic Ambulance Service, Inc. for personal injuries and property damage arising out of the same occurrence as this cause, was tried in the Circuit Court of Shelby County, Tennessee . . . resulting in a general verdict for the defendant . . . ."

The trial judge held that Bennie Cole had no legal right to appeal the sessions court judgment in favor of Medic Ambulance Service, Inc. and dismissed the action against Medic.

It is true that prior to the enactment of the Uniform Contribution Among Tort-feasors Act of 1968, now codified as T.C.A. 23–3101 et seq., the appellate courts of this state consistently held that a defendant "cannot complain of the dismissal of its co-defendant, since it was not aggrieved nor its liability affected thereby. This [was] true whether [the defendant] was one of the joint tort-feasors, as charged, or was the sole wrongdoer, as implied by the jury's verdict acquitting its co-defendant." *Yellow Cab Company of Nashville v. Pewitt,* 44 Tenn.App. 572, 316 S.W.2d 17 (1958). *See also McAmis v. Carlisle,* 42 Tenn.App. 195, 300 S.W.2d 59 (1956), and *Howard v. Haven,* 198 Tenn. 572, 281 S.W.2d 480 (1955).

■ However, with the passage of the Uniform Contribution Among Tort-feasors Act, the basis for the holding of the *Pewitt* and similar cases ceased to exist. The Act changed substantive law, giving a defendant the right to contribution from a co-defendant whose negligence contributed to the plaintiff's injury. *See Massey v. Sullivan County,* 225 Tenn. 132, 464 S.W.2d 548 (1971). Having the right to contribution from a co-defendant who is a joint tort-feasor, the defendant's liability would be affected by the dismissal of charges against his co-defendant and the defendant therefore qualified as an aggrieved party having the right to appeal the decision. *See Holloway v. Wright,* 21 Md.App.615, 320 A.2d 572

(1974); *Williams v. Dawidowicz,* 209 Md. 77, 120 A.2d 399 (1956); *Schwartz v. Jaffe,* 324 Pa. 324, 188 A. 295 (1936). It follows that the trial judge was in error in dismissing the action against Medic on appeal from the judgment entered in the General Sessions Court of Shelby County.

■ The trial judge also reasoned from the above facts that:

"[W]hile the verdict in favor of the defendant, Medic Ambulance Service, Inc., in the [circuit court] suit against it by Bennie Cole, did not establish whether Medic Ambulance Service, Inc. was not guilty of negligence, [it] did establish that Bennie Cole was guilty of negligence, so that, the damages being stipulated, plaintiffs should have judgment against Bennie Cole . . . ."

Appellant insists this was error. We agree.

A comprehensive discussion of the doctrine of collateral estoppel or estoppel by judgment is set forth in *Booth v. Kirk,* 53 Tenn.App. 139, 381 S.W.2d 312 (1964), where the court held that a judgment for a plaintiff is not conclusive, as to issues of negligence or contributory negligence, in a subsequent action growing out of the same accident, by a different plaintiff against the same defendant. In doing so, the court opted for the general rule that the doctrine of collateral estoppel or estoppel by judgment, which is an extension of the principle of *res judicata,* is applicable only where it affirmatively appears that the issue involved in the case under consideration has already been litigated in a prior suit between the same parties. *See* 23 A.L.R.2d 717 and 133 A.L.R. 185. The wisdom of this rule is evident in this case as the general verdict in favor of Medic in the tort action brought by appellant was not necessarily predicated upon a finding of negligence on the part of appellant. It is just as likely to have been predicated upon a finding that the appellant, as plaintiff in the circuit court action, failed to carry the burden of proof, which would not make appellant liable to appellees in the sessions court case. *Cf. Hammons v. Walker Hauling Co.,* 196 Tenn. 26, 263 S.W.2d 753 (1953).

The judgment of the trial court is reversed, and the case is remanded to the Circuit Court of Shelby County for a trial on all issues. Costs of the appeal are adjudged one-half against Medic Ambulance Service, Inc. and one-half against Scott Arnold, III, A. H. Pittman, Allen Gary, and Louis Bianci. Costs in the trial court will await the outcome of the trial on remand.

FONES, HENRY, BROCK and HARBISON, JJ., concur.